PROST, Circuit Judge
dissenting.
It is my view that jurisdiction is unavailable under 28 U.S.C. § 1581(i) because “jurisdiction under another subsection of § 1581 is or could have been available.” See Int’l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed.Cir.2006) (emphasis added); see also Majority Op. at 1347-48. Additionally, I believe that Arce-lor failed to exhaust its administrative remedies. See 28 U.S.C. § 2637. Accordingly, I respectfully dissent.
The majority states that “Arcelor had no legitimate objection” to the final results of the first administrative review because “[t]here was in fact no ... determination” that the entries in the first review period were Belgian. Majority Op. at 1348. I disagree. During an administrative review, Commerce must determine the “normal value,” “export price,” and “dumping margin” for “each entry of the subject merchandise.” See 19 U.S.C. § 1675(a)(2)(A) (emphasis added); see also Majority Op. at 1348 (noting that Commerce relied upon Arcelor’s designation of the entries as Belgian “in its dumping determination and duty calculation”). Thus, Commerce must, as it did in this case, identify the country of origin for each entry from the review period to determine if it is “subject merchandise” that should be included in the calculations. Because Arcelor designated the stainless steel plate in coils (“SSPC”) as Belgian during the first administrative review (and never raised any argument to the contrary), Commerce had no reason to expressly address the country of origin of the entries in the final results. However, that Arcelor could have challenged the country of origin of those entries is demonstrated by what actually happened during the fourth administrative review, where Arcelor successfully argued that some entries from that period were German and thus “outside the scope of th[e] review.” J.A. 164; see also Majority Op. at 1344-45. Because Arcelor contested the issue of origin, the final results of the fourth review expressly made a country of origin determination. See Majority Op. at 1345.
If Arcelor had challenged the country of origin in the first administrative review, *1351 Commerce would have considered it at that time, as it did in the fourth administrative review. Assuming Commerce would have reached the same conclusion it reached in the fourth administrative review, the final results and liquidation instructions for the first review period would have excluded the German SSPC. If Commerce had come to the opposite conclusion or refused to address the argument, Arce-lor could have appealed the final results to the Court of International Trade at that time under 28 U.S.C. § 1581(c). Thus, because Arcelor could have obtained the relief it now seeks if it had acted during the first administrative review, the Court of International Trade does not, in my view, have jurisdiction under § 1581(i).